**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CLEOTTIS GILCREAST,** ) | **CASE NO. 5:13CV1673** |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **JASON BUNTING, Warden,** ) | |
| ) | **OPINION AND ORDER** |
| Respondent. ) | |
| ) | |
| ) | |

On August 2, 2013, Petitioner filed a *pro se* Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1). The case was referred to Magistrate Judge Kenneth S. McHargh pursuant to Local Rule 72.2. On March 31, 2014, Petitioner filed Petitions for Writs of Mandamus. (Dkt.# 20). On April 1, 2014, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's request for an issuance of a Writ of Mandamus be denied. (Dkt. # 22).

On April 11, 2014, Petitioner filed Constitutional Objection Clarification - Proof no Presumption of State Correct Finding of Law [sic]. (Dkt.#23). Petitioner's Objection is a rambling, incoherent list that does not address the Magistrate Judge's Report and Recommendation.

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific

1

objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

Although Petitioner has captioned this document an "Objection," the Court cannot determine what area of the Report and Recommendation is objectionable to Petitioner. "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, *supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)). Petitioner does not provide the Court with any areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard,* 932 F.2d at 509.

Petitioner's submission is the equivalent of an utter failure to object. Therefore, Magistrate Judge McHargh's Report and Recommendation is **ADOPTED** and Petitioner's Petitions for Writs of *Mandamus* (Dkt.#20) is **DENIED.**

3

**IT IS SO ORDERED.**


**Dated: 4/17/2014**


*S/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**

3