UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEOTTIS GILCREAST, | ) | 5:13CV1673 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| JASON BUNTING, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner Cleottis Gilcreast ("Gilcreast") has filed a petition pro se for a writ of habeas corpus, arising out of his 2010 conviction for domestic violence, in the Summit County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his petition, Gilcreast raised seven grounds for relief:

> 1.  The Common Pleas court in Case No. CR-2009-1492 did not possess subject matter jurisdiction to proceed to trial where the record shows no arraignment of plea ever entered on indictment thus judgment void ab initio, 5th, 14th, U.S.C.A.
>
> 2. The petitioner's maximum sentence has been served his imprisonment by the Warden is unlawful and violations fundamental fairness and procedural & substantive due process, equal protection via 5th, 14th, U.S.C.A., $ cruel and unusual punishment under 8th Amend. U.S.C.A.
>
> 3.  Appellant denied procedural due process where trial court record does not import absolute verity, petitioner has no remedy in the courts of law to correct or supplement those records:  Cheesman v. Teets, 354 U.S. 156.

4.  Petitioner's conviction for two counts of domestic violence was against the manifest weight of the evidence in violation of Article IV §3(B), and the United States Constitution.

5.  The Trial Court erred in granting the states request to treat witness/victim Katherine Edwards as the Courts witness pursuant to Evidence Rule 614(A).  It was abuse of discretion.

6.  Petitioner is denied due process where the trial court judge abused his discretion by denying motion for new trial based on new evidence, and denying motion for evidentiary hearing, the same denies Appellant's fundamental right to liberty without redress in the courts of law.

7.  Petitioner was denied effective assistance of appellate counsel see Evitts v. Lucey, ___ U.S. ___.

(Doc. 1, § 12.)  The respondent has filed a Return of Writ (doc. 7), and the petitioner filed a Traverse (doc. 28).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural background:

In the early morning hours of May 5, 2009, the police arrived at Gilcreast's Brittain Road apartment, pursuant to a 911 dispatch. Officer Richard Doney found Gilcreast outside the apartment building, pacing agitatedly.  Officer Doney remained outside with Gilcreast while Officer Todd Myers went inside the apartment and spoke with Gilcreast's girlfriend, Katherine Edwards, Edwards' sister, and Edwards' brother-in-law, Ralph Pickett.  Edwards had several facial injuries and was still bleeding when the police arrived.  She and Pickett both told the police that Gilcreast had attacked her by forcibly shoving her to the ground face first.  Edwards further indicated that she wanted to press charges against Gilcreast, and the police arrested him at the scene.

2

On May 20, 2009, a grand jury indicted Gilcreast on two counts of domestic violence, in violation of R.C. 2919.25(A) and R.C. 2919.25(C), respectively.  On February 3, 2010, the State filed a motion, asking the court to call Edwards as a witness pursuant to Evid.R. 614.  The court held the motion in abeyance until trial and examined Edwards outside the presence of the jury once the May 18, 2010 trial commenced.  After conducting a brief examination, the court agreed to call Edwards as a witness.  The jury found Gilcreast guilty of both domestic violence counts and further found that he had three prior domestic violence convictions.  The court sentenced Gilcreast to four years in prison to run consecutively with another case for a total of eight years.

(Doc.7, RX 10, at 1-2; State v. Gilcreast, No. 25509, 2011 WL 2420237, at *1 (Ohio

Ct. App. June 15, 2011).)

## A.  Direct Appeal

Gilcreast filed a timely appeal of his conviction, and raised the following two

assignments of error:

> 1.  The trial Court Erred in granted the States request to treat witness/victim Katharine Edwards as a Courts witness pursuant Evidence Rule 614(A).  It was an abuse of discretion.

> 2.  Appellant's conviction for two counts of Domestic Violence was against the manifest weight of the evidence in violation of Article IV, Section 3, of the Ohio Constitution.

(Doc. 7, RX 8.)  The court of appeals affirmed the judgment of the trial court.

(Doc.7, RX 10; Gilcreast, 2011 WL 2420237.)

Gilcreast timely appealed to the Supreme Court of Ohio, putting forth the

following propositions of law:

> 1.  Does a defendant in a court room of Common Pleas in Summit County have the right to represent himself, if counsel cannot further fulfill his obligation as attorney of law?

3

2.  Does the accused in a court room of Common Pleas in Summit
County have the right to face his accuser, on which accused is charged?

(Doc. 7, RX 12.)  On Nov. 2, 2011, the state high court denied leave to appeal and

dismissed the appeal as not involving any substantial constitutional question.  Doc.

7, RX 14; State v. Gilcreast, 130 Ohio St.3d 1418, 956 N.E.2d 309 (Ohio 2011).)

### B.  Post-conviction Petition

While his direct appeal was pending, Gilcreast filed a Petition to Vacate Void

and/or Voidable Conviction on Apr. 26, 2011, asserting a double jeopardy violation

concerning his misdemeanor domestic violence conviction and the six month

concurrent sentence.  (Doc. 7, RX 15.)  The court granted a motion to dismiss (based

on the trial court's lack of jurisdiction[1]), and denied Gilcreast's motion for

reconsideration. (Doc. 7, RX 16, 17, 19.)  Gilcreast did not appeal this decision.

### C.  Rule 26(B) Application to Reopen

On Sept. 13, 2011, Gilcreast filed a Rule 26(B) application to reopen his

appeal, based on six claims of ineffective assistance of appellate counsel:

1.  Appellate counsel was ineffective for not raising the issue of
insufficient evidence in which Appellant's conviction is sustained on in
violation of his constitutional right under Ohio Constitution, Article I,
Section 10 and 16, and the Fourteenth Amendment of the United
States Constitution.

---

[1]  The Supreme Court of Ohio states:  "Once a case has been appealed, the trial
court loses jurisdiction except to take action in aid of the appeal."  In re S.J., 106 Ohio
St.3d 11, 12, 829 N.E.2d 1207, 1209 (2005) (citing State ex rel. Special Prosecutors v.
Judges, Belmont County Ct. of Comm. Pl., 55 Ohio St.2d 94, 97, 378 N.E.2d 162
(1978).)

4

2.  Appellate counsel was ineffective by not raising trial counsel's error in that trial counsel did not move for the suppression of state's witness, Ralph Pickett's testimony for the inconsistencies of his testimony, thereby prejudicing Appellant, causing him to have an unfair trial.

3.  Appellate counsel was ineffective in not raising trial counsel's error, for trial counsel failed to object to the prosecutor's statement as to the Appellant's prior conviction before the jury, thereby prejudicing Appellant, causing him to have an unfair trial.

4.  The trial court erred and/or abused its discretion in failing to hold a meaningful hearing with minimum due process protections on the allegations that he violated the terms and conditions of his community control sanctions.

5.  The trial court erred when it took jurisdiction of the Appellant's criminal proceedings under a defective complaint and/or defective indictment.

6.  Appellate counsel was ineffective for not raising the trial court's error for denying Appellant his right to confront Anita Pickett, when the trial court used Mrs. Pickett's 911 call and complaint at his trial.

(Doc. 7, RX 20.)  The court denied his application on Nov 16, 2011.  (Doc. 7, RX 21.)

Gilcreast's motion for reconsideration, and motion for hearing en banc, were denied

as untimely filed.  (Doc. 7, RX 22, 23, 24.)

### D.  State Petition for Habeas Corpus

Gilcreast filed a petition for a writ of habeas corpus in the state courts on

Dec. 5, 2011.  The petition was based on the following grounds:

1.  The Petitioner's maximum sentence in Case No. 2009-05-1492 allowed by law has been served thus continued imprisonment by the warden is unlawful and violates substantive and procedural due process via the 14th Amend. U.S.C.A. constituting cruel and unusual punishment barred by the 8th Amend. U.S.C.A.

> 2.  The Summit County Common Pleas Court Case No. CR-08-08-2564 sentence is void imprisonment by the warden on sentence violates fundamental fairness and substantive and procedural due process rights to liberty without the equal protection of the law, such imprisonment violates cruel and unusual punishment clause of the 8th Amend. U.S.C.A. and 14 Amend. U.S.C.A. mandates.

(Doc. 7, RX 25.)  The trial court dismissing the petition on Dec. 12, 2011, stating

that "habeas corpus is not a proper method for challenging the sentence rendered."

(Doc. 7, RX 26.)

Gilcreast filed a notice of appeal on Jan. 12, 2012 (doc. 7, RX 27), which was

dismissed as untimely filed.  (Doc. 7, RX 28.)

Gilcreast next filed a notice of appeal to the Supreme Court of Ohio, and

raised the following propositions of law:

> 1.  The Petitioner's maximum sentence in Case No. 2009-05-1492 allowed by law has been served thus continued imprisonment by the warden is unlawful and violates substantive and procedural due process via 14th Amend. U.S.C.A. constituting cruel and unusual punishment barred by the 8th Amend. U.S.C.A.

> 2.  The Summit County Common Pleas Court Case No. CR-08-08-2564 sentence is void imprisonment by the warden on sentence violates fundamental fairness and substantive and procedural Due Process rights to liberty without the equal protection of the law, such imprisonment violates cruel and unusual punishment clause of the 8th Amend. U.S.C.A. and 14th Amend. U.S.C.A.

(Doc. 7, RX 29-30.)  The state high court dismissed the appeal as not involving any

substantial constitutional question on May 23, 2012.  (Doc. 7, RX 31.)

6

### E.  Delayed Motion for New Trial

On Jan. 13, 2012, Gilcreast filed a motion for leave to file a motion for a new trial, which the trial court denied on Jan. 30. 2012.  (Doc. 7, RX 32, 34.)  Gilcreast filed an appeal on Feb. 24, 2012 (doc. 7, RX 35, 36), but the court of appeals affirmed the trial court's denial of his motion for leave as untimely filed pursuant to Ohio Crim. Rule 33.  (Doc. 7, RX 39; State v. Gilcreast, No. 26311, 2013 WL 357171 (Ohio Ct. App. Jan. 30, 2013).)  Gilcreast's motion for reconsideration was denied. (Doc. 7, RX 41.)

Gilcreast filed a notice of appeal to the Supreme Court of Ohio, and asserted the same issues he had attempted to raise in his motion for new trial.  (Doc. 7, RX 43, 44.)  The court declined to accept jurisdiction, and dismissed the appeal.  (Doc. 7, RX 46; State v. Gilcreast, 135 Ohio St.3d 1416, 986 N.E.2d 31 (2013).)

### F.  Second State Petition for Habeas Corpus

Gilcreast filed another state petition for a writ of habeas corpus in the Supreme Court of Ohio on Apr. 29, 2013.  (Doc. 7, RX 47.)  The court sua sponte dismissed the case, and Gilcreast's motion for reconsideration was denied.  (Doc. 7, RX 48, 50.)

### G.  Other Post-Conviction Motions

On Apr. 23, 2012, Gilcreast filed a Motion to Vacate Void Judgment (doc. 7, RX 51), and a Motion to Adjudicate Motion to Correct Void Sentence (doc. 7, RX 52).

On May 17, 2012, the trial court denied the motions.  (Doc. 7, RX 54.)  Gilcreast did
not appeal the denial.

On July 19, 2012, Gilcreast filed a Motion to Dismiss Indictment for Denial of
Speedy Trial.  (Doc. 7, RX 55.)  The trial court denied the motion.  (Doc. 7, RX 56.)
Gilcreast did not appeal the denial.


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal
courts must apply when considering applications for a writ of habeas corpus.  Under
the AEDPA, federal courts have limited power to issue a writ of habeas corpus with
respect to any claim which was adjudicated on the merits by a state court.  The
Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.


### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be denied as untimely filed.

(Doc. 7, at 9-12.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires

a state prisoner seeking a federal writ of habeas corpus to file his petition within

one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S.

214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by

the conclusion of direct review or the expiration of the time for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does

not begin to run until all direct criminal appeals in the state system are concluded,

followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Gonzalez v. Thaler, 132 S.Ct. 641, 653-654 (2012); Clay v. United States, 537 U.S. 522, 528 n.3 (2003). A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

Gilcreast's conviction became final with the expiration of time for direct review of his conviction and sentencing. The state supreme court denied leave to appeal on Nov. 2, 2011. (Doc. 7, RX 14; Gilcreast, 130 Ohio St.3d 1418, 956 N.E.2d 309.) Gilcreast did not seek certiorari within the ninety day period allowed, thus his conviction became final on Jan. 31, 2012. The statute of limitations for filing his federal habeas petition expired one year later, Feb. 1, 2013. Thus, Gilcreast's petition filed on Aug. 2, 2013, was untimely. 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir.), cert. denied, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Allen v. Siebert, 552 U.S. 3 (2007) (per curiam) (affirming Pace v. DiGuglielmo, 544 U.S. 408 (2005)); Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006).

10

The respondent contends that Gilcreast failed to "properly file" any qualifying collateral actions which would have tolled the statute of limitations. (Doc. 7, at 11.)  This contention is correct.

Gilcreast's Apr. 26, 2011, post-conviction petition was filed and resolved before his conviction was final (doc. 7, RX 15-19), thus it would not affect the limitations period.  The same is true of his Sept. 13, 2011, Rule 26(B) application. (Doc. 7, RX 20-21.)

Both Gilcreast's delayed motion for a new trial, and his appeal of his state petition for habeas were denied as untimely filed.  (Doc. 7, RX 28, 34, 39.)  As mentioned above, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations.  Allen v. Siebert, 552 U.S. 3.

Gilcreast's Apr. 23, 2012, and July 19, 2012, were not "properly filed," as the trial court was divested of jurisdiction because of the appeal pending, In re S.J., 106 Ohio St.3d at 12, 829 N.E.2d at 1209, which Gilcreast had filed on Feb. 24, 2012. (Doc. 7, RX 35, 39.)

Gilcreast's second state habeas petition was filed after the federal habeas statute of limitations had expired.  (Doc.7, RX 47.)

Gilcreast's petition filed on Aug. 2, 2013, was untimely, and the limitations period was not tolled by any collateral proceedings.

### A.  Equitable Tolling

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases.  Holland v. Florida, 560 U.S. 631 (2010).  However, Gilcreast bears the burden of persuading the court that he is entitled to equitable tolling.  Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).

Gilcreast argues that evidence of "actual innocence" should excuse any untimeliness, allowing federal review under Souter v. Jones, 395 F.3d 577 (6th Cir. 2005).  (Doc. 28, at 4.)  Gilcreast points to the victim's testimony at trial that she was not assaulted by Gilcreast.  (Doc. 28, at 1.)  He also contends that witness Ralph Pickett "told so many lies that his testimony should not be regarded as true." Id. at 1-2, 6.

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way.  Holland, 130 S.Ct. at 2562 (citing Pace, 544 U.S. at 418); Lawrence, 549 U.S. at 335.  The Sixth Circuit has recently recognized that, "under the test articulated by the Supreme Court in Holland, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing."  Hall v. Warden, Lebanon

12

Correctional Inst., 662 F.3d 745, 750 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012).

The Sixth Circuit concluded that "Holland's two-part test has replaced Dunlap's five-factor inquiry[2] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling." Hall, 662 F.3d at 750; see also Patterson v. Lafler, No. 10-1379, 2012 WL 48186, at *2 (6th Cir. Jan. 9, 2012) (Holland is relevant test). Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. Hall, 662 F.3d at 749 (equitable tolling granted "sparingly"); Souter, 395 F.3d at 590 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

Gilcreast does not demonstrate that any extraordinary circumstance prevented him from filing his petition within the one year limitations period; rather, he argues that the respondent is incorrectly calculating the relevant dates. Instead, he relies primarily on his "actual innocence" argument.

The Sixth Circuit has allowed for equitable tolling based on actual innocence under certain limited and extraordinary circumstances. McSwain v. Davis, No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 557 U.S. 919 (2009); Souter, 395 F.3d at 597-599. In Souter, the petitioner was able to point to new

---

[2] *See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).*

13

evidence, unavailable at the time of his trial, supporting a credible claim of actual innocence.  See, e.g., Souter, 395 F.3d at 583-584.  The threshold inquiry was whether the new facts raised sufficient doubt about the petitioner's guilt to undermine confidence in his conviction.  Souter, 395 F.3d at 590 (quoting Schlup, 513 U.S. at 317).  Souter stated:

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  [Schlup, 513 U.S. at 327].  The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  Schlup, 513 U.S. at 324, 115 S.Ct. 851.  The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  Id. at 321, 115 S.Ct. 851.

Souter, 395 F.3d at 590; see also Maag v. Konteh, No. 3:05CV1574, 2006 WL 2457820, at *1 (N.D. Ohio Aug. 23, 2006).

It is Gilcreast's burden to show that this is "one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence." McSwain, 2008 WL 2744640.  The Supreme Court has emphasized that "the Schlup standard is demanding and permits review only in the 'extraordinary' case."  House v. Bell, 547 U.S. 518, 538 (2006) (citing Schlup, 513 U.S. at 327).

Gilcreast has failed to meet this burden.  His arguments of actual innocence do not rely on new reliable evidence, but rather, for the most part, he asks the court

14

to reconsider evidence which is already in the record.  As to the victim's testimony,

defense counsel objected at trial to the court calling the victim as a witness.  (Doc. 7,

RX 10, at 3; Gilcreast, 2011 WL 2420237, at *1.)  The court of appeals, in reviewing

Gilcreast's manifest weight of the evidence claim, pointed out,

> . . . Gilcreast's argument ignores the testimony of the other witnesses
> at trial, all of whom provided testimony from which one could conclude
> that Gilcreast knowingly harmed Edwards.  Although Edwards refused
> to testify that Gilcreast assaulted her, a victim's recantation is simply
> a matter of credibility for the jury to consider.

(Doc. 7, RX 10, at 5; Gilcreast, 2011 WL 2420237, at *3.)  In any event, this issue

does not constitute new reliable evidence that was not presented at trial.   Souter,

395 F.3d at 590 (quoting Schlup, 513 U.S. at 324).

As to Pickett's credibility, in his motion for a new trial, Gilcreast argued that

Ralph Pickett had lied at trial.  (Doc. 7, RX 39, at 3-4; Gilcreast, 2013 WL 357171,

at *2.)  The court of appeals reviewed this evidence:

> Many of the documents attached to his motion seemed calculated to
> attack Mr. Pickett's credibility.  Mr. Gilcreast attached to his motion
> various documents, including type-written notes referring to allegedly
> contradictory trial testimony and a letter dated August 4, 2011,
> informing Mr. Gilcreast that a search of official records from 2000
> forward revealed that Ralph Pickett and Anita Edwards had not
> applied for a marriage license in Summit County.  He also attached a
> letter from the Secretary of State dated August 15, 2011, informing
> him that it had no record of Ralph Pickett being licensed to solemnize
> marriages in the State of Ohio.

(Doc. 7, RX 39, at 3-4; Gilcreast, 2013 WL 357171, at *2.)  Gilcreast appends a

similar set of documents to his Traverse.  Compare doc. 28, exh., with doc. 7, RX 36,

at 19.  The alleged "lies" do not appear to pertain to Pickett's testimony concerning

the assault at issue.  Rather, Gilcreast attaches a portion of the trial transcript where Pickett refers to himself as "Minister Ralph Pickett," and to Anita as his "wife."  (Doc. 28, exh., at [3].)  This is not "new evidence" that could not have been previously discovered.  In fact, Gilcreast raised this evidence in the state courts.

Gilcreast has failed to carry his burden to show that this is "one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence."  McSwain, 2008 WL 2744640.  Equitable tolling is not appropriate in this case.

The petition should be denied as untimely filed.


## IV.  RECOMMENDATION

The petition for a writ of habeas corpus should be denied as untimely filed.

Dated:   Apr. 23, 2015              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).