**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CLEOTTIS GILCREAST,** ) | **CASE NO. 5:13CV1673** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **JASON BUNTING, Warden,** ) | **MEMORANDUM OF OPINION** |
| ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Cleottis Gilcreast's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition as untimely.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In May 2009, Petitioner was indicted on two counts of Domestic Violence.  Trial commenced on May 18, 2010.  The jury found Petitioner guilty of both counts and further found that he had three prior Domestic Violence convictions.  The court sentenced Petitioner to four years in prison to run consecutively with another case for a total of eight years.

Petitioner filed a timely Notice of Appeal.  The Court of Appeals affirmed the judgment of the trial court.  Petitioner filed a Notice of Appeal in the Supreme Court of Ohio.  On November 2, 2011, the Supreme Court of Ohio denied leave to appeal.

Starting on April 26, 2011, Petitioner filed numerous motions, petitions and appeals in the trial court, Court of Appeals and the Supreme Court of Ohio.  All were dismissed or denied.  Petitioner filed the instant Petition on August 2, 2013, asserting four Grounds for Relief.  On September 24, 2013,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  Respondent filed a Return of Writ on October 17, 2013, arguing that Petitioner's Petition is time-barred. The Magistrate Judge issued his Report and Recommendation on April 23, 2015.  On July 9, 2015,  Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme

2

Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final".  *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (ninety days) for filing for certiorari.  *Gonzalez v. Thaler*,

3

132 S.Ct. 641, 653-654 (2012);  *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003).  A habeas petitioner filing for collateral relief does not benefit from the ninety day certiorari period.  *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

The Magistrate Judge's Report and Recommendation addressed Petitioner's arguments regarding the timeliness of the Petition presently before this Court.  The Magistrate Judge correctly points out that Petitioner's conviction became final with the expiration of time for direct review of his conviction and sentencing.  The Ohio Supreme Court denied leave to appeal on Nov. 2, 2011.  Petitioner did not seek certiorari within the ninety day period allowed, thus his conviction became final on Jan. 31, 2012.  The statute of limitations for filing his federal habeas Petition expired one year later on Feb. 1, 2013, therefore, his Petition filed on Aug. 2, 2013, was untimely. 28 U.S.C. § 2244(d)(1)(A).

The Magistrate Judge further concluded that the limitations period was not tolled by any collateral proceedings.  The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631 (2010).  However, Petitioner bears the burden of persuading the court that he is entitled to equitable tolling.  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)*;  Day v. Konteh*, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).

In this case, the Court agrees with the Magistrate Judge that Petitioner has not demonstrated that any extraordinary circumstance prevented him from filing his Petition within the one year limitations period.  To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Holland*, 130 S.Ct. at 2562 (citing *Pace*, 544 U.S. at

4

418); *Lawrence*, 549 U.S. at 335.

The Magistrate Judge throughly reviewed Petitioner's argument that evidence of "actual innocence" should excuse any untimeliness, allowing federal review under *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).  The Sixth Circuit has allowed for equitable tolling based on actual innocence under certain limited and extraordinary circumstances. *McSwain v. Davis,* No. 06- 920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 557 U.S. 919 (2009); *Souter*, 395 F.3d at 597-599.  However, the Court agrees with the Magistrate Judge that Petitioner's arguments of actual innocence do not rely on new evidence.  Petitioner is merely asking for the Court to reconsider evidence already in the record.

Petitioner states in his Objections to the Magistrate's Report and Recommendation that new, reliable evidence has been presented.  The Court disagrees. Petitioner is again challenging testimony that was a matter of credibility for the jury to consider.   When the Court of Appeals reviewed Petitioner's claims regarding victim and witness testimony, it determined that the claims were without merit.  The Court agrees that Petitioner has not presented new evidence that could not have been previously discovered.  The Magistrate Judge correctly points out that this is not "one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence." *McSwain*, 2008 WL 2744640.  Therefore, Petitioner has not met his burden demonstrating his entitlement to equitable tolling.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as

5

untimely filed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.

Date:7/23/2015
                        s/Christopher A. Boyko
                        CHRISTOPHER A. BOYKO
                        United States District Judge